IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

ALLEN SAWYER, PETE MUNOZ,
MAURICE LACEY, and ROBERT
ALVINO LOPEZ,

        Plaintiffs,

v.                                                      No. CIV 98-219 BB/RLP

CITY OF ALBUQUERQUE, JIM
BACA, Mayor of Albuquerque,
MIKE SISNEROS, Director of the
Bernalillo County Detention Center,
NORMAN WILLIAMS, DAN
SANCHEZ, ANTHONY
ROMERO, AARON ALBERTI,
SGT. EISENHOWER, and CO
DAN SANCHEZ, Bernalillo County
Employee Correction Officers,

        Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment*, and the Court having considered the briefs, affidavits, and evidence, FINDS summary judgment is appropriate and it will be GRANTED.

## Discussion

Defendants moved for summary judgment, with supporting brief, on October 12, 1998. Plaintiff Sawyer's attorney was allowed to withdraw on October 22, 1998, and Plaintiff filed no response. After various indications Plaintiff was attempting to retain counsel, he finally filed a response *pro se* on April 26, 1999. Despite the fact his response was not in compliance with Federal Rule of Civil Procedure 56 and D.N.M. LR-Civ 7.3, this Court will consider the response. Plaintiff cannot prevail.

### Facts

For the second time in a month, Plaintiff was booked into the Bernalillo County Detention Center ("BCDC") on a charge of unlawful taking of a motor vehicle on August 12, 1997. Plaintiff was assigned to BCDC's housing level 2-South. Just before 2:00 p.m. on October 15, 1997, the inmates in detention level 2-South were going to their cells for the 2:00 p.m. lockdown. Plaintiff was struck in the jaw and across the face with a broom by another inmate, Robert Young. Prior to the incident, Plaintiff testified had never seen or had any words with Young. Plaintiff did not know why Young assaulted him. Prior to this

incident neither Plaintiff nor anyone else had informed anyone at the jail there were any threats or tension between Plaintiff and Young or any other inmate.

Plaintiff raises several factual matters but none are material to proving Defendants were deliberately indifferent to Plaintiff's welfare. For example, Plaintiff attempts to challenge the basis for his housing assignment at BCDC by stating in his response that one of his criminal charges was subsequently dismissed. This may or may not be true. However, it is not relevant – Plaintiff's complaint does not include an allegation of negligent classification. Indeed, the complaint makes no state law claims. Instead, the only claim in the complaint is the "failure to protect" claim under 42 U.S.C. § 1983.

Plaintiff also claims Young was not in fact a Bay Orderly and that a culpable mentality can be attributed to Defendants for allowing Young to be on level 2-South with a broom. Once again, however, Plaintiff fails to provide a factual record and the fact itself is irrelevant since there was no evidence anyone including Plaintiff had reason to expect a problem from Young. *Garbutt v. Southern Clays, Inc.*, 894 F. Supp. 456 (M.D. Ga. 1995).

## II. Plaintiff's Failure to Protect Claim Does Not Rise to the Level of a Constitutional Deprivation

In order for a prisoner, injured by another inmate, to recover against prison officials for failing to protect him, two requirements must be met. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the deprivation of the plaintiff's constitutional rights must be "sufficiently serious." *Id.* In order to satisfy this element in failure to protect cases, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* The second requirement to state a valid claim is that the prison official must have a culpable state of mind. *Id.* A negligent state of mind is not sufficient to constitute deliberate indifference. *Id.*

In this case, Plaintiff has failed to present any evidence which would establish that Defendants were aware of an excessive risk to his health or safety. In fact, prior to being hit, Plaintiff had never seen the person who hit him, or had any words with the other inmate, Robert Young.[1] Nor does Plaintiff know why

---

[1] In his response, Plaintiff seems to want to amend his complaint, and change his deposition testimony, by including a description of an alleged incident involving inmate Young entering Plaintiff's cell with a knife two days before the incident which forms the basis for the complaint. However, statements of fact in a party's brief cannot be considered. *Helmich v. Kennedy*, 796 F.2d 1441 (11th Cir. 1986). Moreover, Plaintiff acknowledges Corrections Officer Gallegos "did not see the knives or hear the threats." *Resp.* at 2 ¶ D. More

Young assaulted him. Plaintiff kept to himself and did not have any problems with other inmates or the guards at BCDC.

### III. Plaintiff's Medical Care and Custom and Practice Claims are Abandoned

In his response, Plaintiff abandoned his claim regarding medical care. Plaintiff did not respond in any fashion to the City's argument concerning policy and custom. Therefore, summary judgment is also appropriate on these claims. *Stewart v. NationaLease of Kansas City, Inc.*, 920 F. Supp. 1188 (D. Kan. 1996).

### O R D E R

For the above stated reasons, Defendants' motion for summary judgment is GRANTED.

Dated at Albuquerque this 16th day of August, 1999.

                                                              BRUCE D. BLACK
                                                              United States District Judge

---

importantly, Plaintiff testified, under oath, in his deposition, he did not know Young, never had words with Young, did not have any problems with <u>any</u> of the inmates, and does not know why Young assaulted him.

**Counsel for Plaintiff Sawyer:**
    Allen Sawyer, *Pro Se*, Albuquerque, NM

**Counsel for Defendants:**
    Jeffrey L. Baker, The Baker Law Firm, Albuquerque, NM